WESTER *v.* REDDING.

The provision in the act of 1913, establishing the municipal court of Macon, that final judgments rendered in that court, where the subject-matter involved is over twenty-five dollars but does not exceed one hundred dollars, are reviewable by writ of error to the superior court of Bibb county, does not offend art. 6, sec. 2, par. 9, of the constitution, defining the jurisdiction of the Court of Appeals.

OCTOBER 20, 1916. REHEARING DENIED NOVEMBER 18, 1916.

Question certified by Court of Appeals (Case No. 6936).

*Walter Defore, C. H. Garrett,* and *Dean Newman,* for plaintiff in error. *Marlin & Martin,* contra.

EVANS, P. J. The constitution of Georgia, art. 6, sec. 2, par. 9, defines the jurisdiction of the Court of Appeals as follows: "The Court of Appeals shall have jurisdiction for the trial and correction of errors in law and equity from the superior courts in all cases in which such jurisdiction is not conferred by this constitution on the Supreme Court, and from the city courts of Atlanta and Savannah, and such other like courts as have been or may be hereafter established in other cities." In the year 1912 an amendment was proposed and adopted, to amend the constitution, art. 6, sec 7, which declared that there shall be in each militia district one justice of the peace, whose official term, except when elected to fill an unexpired term, shall be four years, by adding thereto a proviso "that the General Assembly may, in its discretion, abolish justice courts and the office of justice of the peace and of notary public ex-officio justice of the peace in any city of this State having a population of over twenty thousand, . . and establish in lieu thereof such court, or courts, or system of courts, as the General Assembly may, in its discretion, deem necessary, conferring upon such new court, or courts, or system of courts, when so established, the jurisdiction as to subject-matter now exercised by justice courts and by justices of the peace and notaries public ex-officio justices of the peace; together with such additional jurisdiction, either as to amount or subject-matter, as may be provided by law, whereof some other court has not exclusive jurisdiction under this constitution; together also with such provisions as to rules and procedure in such courts, and as to new trials and the correction of errors in and by said courts, and with such further provisions for the correction of errors by the superior courts, or the Court of Appeals, or the Supreme Court, as the General Assembly may from time to time, in its discretion, provide or authorize. Any court so established shall not be subject to the rules of uniformity laid down in paragraph 1 of section 9 of article 6 of the constitution of Georgia." Acts of 1912, p. 30. Pursuant to the authority granted in this amendment the General Assembly established the municipal court of Macon, and in the act creating the court provided that in all cases where the principal sum claimed or

the value of the property in controversy was more than twenty-five dollars and did not exceed one hundred dollars, an appeal from the judgment making final disposition of the case would lie by writ of error to the superior court of Bibb county. Acts 1913, p. 252. The Court of Appeals asks if this provision of the act is obnoxious to art. 6, sec. 2, par. 9, of the constitution, defining the jurisdiction of the Court of Appeals. We reply to this query in the negative. The municipal court of Macon is designed to take the place of justice courts, with an enlarged jurisdiction, and is not a court like the city courts of Atlanta and Savannah. The constitutional amendment providing for such courts as the municipal court of Macon in terms vested the General Assembly with power to prescribe that judgments in such courts may be reviewed by the superior court.        *All the Justices concur.*